# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT: STATE OF FLORIDA
-----------------------------------------------------------X

LUCKY SHOT USA, LLC,

        Plaintiff,

    -against-

CALIBER CORPORATION,

        Defendant.
-----------------------------------------------------------X

FILED
2018 MAR 16 AM 10: 32

Civil Action No.:
6:18-CV-398-ORL-22DCI

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL- INJUNCTIVE RELIEF SOUGHT

Plaintiff, by its attorney, complaining of the defendant herein, respectfully shows to this Court, and alleges as follows:

### INTRODUCTORY STATEMENT

1.    This is a declaratory judgment action brought by Lucky Shot USA, LLC, against Defendant Caliber Corporation, for: (1) a declaration of non-infringement under 15 U.S.C. § 1114 of Defendant's claimed rights in a federally registered trademark; (2) a declaration that Lucky Shot USA, LLC, does not unfairly compete with Defendant under 15 U.S.C, § 1125(a); (3) a declaration that the trademark at issue is invalid; (4) cancellation of the trademark under 15 U.S.C. § 1064; (5) Interference with a business relationship; (6) Deceptive and Unfair Trade Practices; (7) Unfair Competition; and (8) Defamation Per Se. As alleged in more detail in this Complaint, Defendant's mark, is functional, and therefore, not properly a trademark, in addition to being a product design, which is not properly a trademark under the facts and circumstances herein. Lucky Shot USA, LLC seeks a declaratory judgment that it does not infringe Defendant's

1

mark or unfairly compete with Defendant, and that Defendant's mark is invalid. Accordingly, Lucky Shot USA, LLC further requests cancellation of the mark's federal trademark registration.

## THE PARTIES

2. Plaintiff Lucky Shot USA, LLC, is a Florida Limited Liability Company with its principal place of business located at 3601 Vineland Rd, Suite 14, Orlando, Florida 32811.

3. Upon information and belief, Defendant is an Illinois Corporation with its principal place of business at 14 Winterberry Court, Streamwood, IL 60107.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over all state causes of action pursuant to 28 U.S.C. § 1367.

5. Upon information and belief, Defendant is subject to personal jurisdiction in this Court, because Defendant operates its business in this judicial district, and has continuously and systematically transacted business and supplied goods and services directed to consumers residing in this judicial district, including to some extent using the challenged marks at issue in this judicial district. The harm suffered from the torts committed by Defendant were felt by Plaintiff in this judicial district and the injurious effects to Plaintiff have occurred in Florida where plaintiff conducts business. Furthermore, Defendant affirmatively reached out and performed acts in this jurisdiction with respect to the trademark at issue. Upon information and belief, Defendant regularly and continuously transacts business in Florida, has engaged in the infringing activity complained of in this judicial district, has caused injury to persons within the jurisdiction of this Court, is continuously engaged in substantial and not isolated activity within this State, and has otherwise engaged in conduct sufficient to subject Defendant to the personal

jurisdiction of this Court in accordance with the Florida Long Arm Statute (Fla. Stat. § 48.193) and due process.

6. Defendant has purposefully availed itself of the benefit of this State and judicial district, such that maintenance of suit in this judicial district would not violate due process.

7. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

8. Lucky Shot USA, LLC further demands a trial by jury in all matters triable by a jury.

## FACTUAL BACKGROUND

9. The Plaintiff makes and sells different consumer products. As part of its offering, the Plaintiff sells bullet shaped bottle openers. Plaintiff offers different sizes, or calibers, of these bullet shaped bottle openers. The Plaintiff keeps stock of these products in its warehouse in Orlando, Florida, and fulfills some of its orders from this warehouse.

10. The Plaintiff sells bullet shaped bottle opener through online e-commerce platforms, including Etsy and Amazon.

11. Upon information and belief, Defendant, Caliber Corporation has a federal U.S. trademark registration for a "three dimensional configuration of a large caliber bullet in a cartridge" for bottle openers in Class 21 assigned U.S. Reg. No. 4,630,557.

12. Plaintiff received notice that Defendant had contacted Etsy alleging that Plaintiff was infringing upon its trademark under U.S. Registration number 4,630,557.

13. Plaintiff received notice that Defendant had contacted Amazon alleging that Plaintiff was infringing upon its trademark under U.S. Registration number 4,630,557.

3

14. Etsy is a peer to peer e-commerce website utilized extensively by Plaintiff in its business transactions.

15. Amazon is a peer to peer e-commerce website utilized extensively by Plaintiff in its business transactions.

16. In accordance with the notice, Etsy suspended all sales of the disputed items, causing a significant disruption to Plaintiff's business.

17. In accordance with the notice, Amazon suspended all sales of the disputed items, causing a significant disruption to Plaintiff's business.

18. Following receipt of this notice, Lucky Shot USA, LLC has contacted Defendant in an effort to amiably resolve this situation.

19. Defendant responded to the Plaintiff that the Plaintiff was selling "counterfeit" product and would be liable to Defendant for an unprecedented amount of damages and attorneys' fees.

20. Defendant sent a cease and desist letter to Plaintiff notifying Plaintiff that it was infringing U.S. Trademark Registration number 4,630,557. Defendant demanded that Plaintiff cease selling infringing products and pay Defendant for damages related to sales of its products.

21. The actions by Defendant, in view of the totality of facts and circumstances, has created an actual controversy between the parties. Such an actual controversy now warrants resolution by declaratory judgment.

22. Declaratory relief will serve to resolve a real and immediate controversy as to Defendant's legal rights with respect to the sale of the bottle opener at issue, including Lucky Shot USA, LLCs' legal rights to advertise, market and sell the bottle opener at issue.

4

23. Plaintiff maintains that U.S. Trademark Registration number 4,630,557 is invalid and that Plaintiff's sale of bullet bottle openers does not infringe U.S. Trademark Registration number 4,630,557.

24. For the foregoing reasons, an actual controversy exists between the parties as to whether Lucky Shot USA, LLC infringes upon Defendant's Mark, whether the Mark is valid, and whether the Registration should be canceled. The Mark and Registration is a functional part of the item and serves to give Defendant an unfair monopoly, in contrast to the intended purpose of a trademark.

## COUNT ONE

**(Seeking a Declaration that Lucky Shot USA, LLC Does Not Infringe – 15 U.S.C. § 1114)**

25. Lucky Shot USA, LLC herein repeats, realleges and reiterate each and every allegation as set forth in paragraphs numbered and designated as "1" through "24" as if more fully set forth herein.

26. A real and actual controversy exists between the parties as to the parties' legal rights to sell, market and advertise bullet shaped bottle openers. Lucky Shot USA, LLC and Defendant have adverse interests in the subject matter of the dispute.

27. Lucky Shot USA, LLC seeks a declaratory judgment that its past and any potential future sale of bullet shaped bottle openers does not infringe and at all times has never infringed, any existing and valid U.S. Trademark registration owned by the Defendant under the Lanham Act, 15 U.S.C. § 1114, including, but not limited to, Registration No. 4,630,557 for "three dimensional configuration of a large caliber bullet in a cartridge" bottle openers.

5

## COUNT TWO

**(Seeking a Declaration that Lucky Shot USA, LLC Does Not Unfairly Compete – 15 U.S.C. § 1125(a))**

28. Lucky Shot USA, LLC herein repeats, realleges and reiterate each and every allegation as set forth in paragraphs numbered and designated as "1" through "27" as if more fully set forth herein.

29. A real and actual controversy exists between the parties as to the parties' legal rights to sell, market and advertise bullet shaped bottle openers. Lucky Shot USA, LLC and Defendant have adverse interests in the subject matter of the dispute.

30. Lucky Shot USA, LLC seeks a declaratory judgment that its past and any potential future sale of bullet shaped bottle openers is not likely to cause confusion, mistake or deception as between the source, association, or affiliation of the products, services or businesses and does not unfairly compete with Defendant under the Lanham Act, 15 U.S.C. § 1125(a).

31. Lucky Shot USA, LLC seeks a declaratory judgment that its past and any future sales of bullet shaped bottle openers does not infringe and has not infringed upon any existing and valid trademarks owned by Defendant, and has not caused any injury to Defendant under the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT THREE

**(Seeking a Declaration that Trademark No. 4,630,557 is Invalid)**

32. Lucky Shot USA, LLC herein repeats, realleges and reiterate each and every allegation as set forth in paragraphs numbered and designated as "1" through "31" as if more fully set forth herein.

33.  Defendant claims to be the owner of the Trademark Registration No. 4,630,557 and that the Mark is valid and enforceable.

34.  Defendant has further claimed alleges that Lucky Shot USA, LLC infringes the Mark and has engaged in unfair competition in connection with the Mark.

35.  Lucky Shot USA, LLC contends that the Registration and Mark is invalid in that they are functional since the bullet shape is essential to a bullet shaped bottle opener.

36.  Lucky Shot USA, LLC further contends that the Registration and Mark is invalid in that the mark consists of a nondistinctive product design which are incapable of serving as source identifiers of the Defendant's goods. Moreover, this was so at the time of their registration. Moreover, prior to the issuance of the Registration, the Mark not had acquired a secondary meaning in the sense that each Mark's primary significance was that of a source indicator of goods emanating from registrant. The Registration and Mark convey a commercial impression that is merely descriptive to a reasonable consumer, consisting of the qualities, or characteristics of the goods related to the mark. Thus, an immediate, real and justiciable controversy now exists between the parties with respect to Defendant's Registration and Mark.

37.  Lucky Shot USA, LLC seeks a declaration that the Registration and Trade- mark No. 4,630,557 and that the Mark is invalid and unenforceable.

## COUNT FOUR

**(Cancellation of Federal Trademark Registration, 15 U.S.C. § 1064)**

38.  Lucky Shot USA, LLC herein repeats, realleges and reiterate each and every allegation as set forth in paragraphs numbered and designated as "1" through "37" as if more fully set forth herein.

7

39. Lucky Shot USA, LLC seeks cancellation of the Registration under 15 U.S.C. § 1064.

40. This proceeding is brought within five years of the registration of the Mark.

41. Lucky Shot USA, LLC contends that that the Registration is invalid in that it is functional, since the bullet shape is essential to a bullet shaped bottle opener.

42. Lucky Shot USA, LLC further contends that the Registration is invalid in that the mark consists of a nondistinctive product design which is incapable of serving as source identifiers of the Defendant's goods. Moreover, this was so at the time of their registration. Moreover, prior to the issuance of the Registration, the registered Mark had not acquired a secondary meaning in the sense that the Mark's primary significance was that of a source indicator of goods emanating from registrant. The Registration conveyed a commercial impression that is merely descriptive to a reasonable consumer, consisting of the qualities, or characteristics of the goods related to the mark. Thus, an immediate, real and justiciable controversy now exists between the parties with respect to Defendant's Registration.

43. Upon information and belief, Lucky Shot USA, LLC further is of the belief that Defendant failed to provide sufficient proof of its substantially exclusive and continuous use in support of its claims of acquired distinctiveness in its submissions to the U.S. Patent and Trademark Office used to obtain registration. This is so because of, among other things, Defendant's actual knowledge of a conflicting use of an identical product marketed, sold and advertised by, among others, Bullets2Bandages, L.L.C., a California Limited Liability Company.

44. Lucky Shot USA, LLC will be damaged if the Registration is not canceled, as outlined above. Defendant has enforced its Mark against Lucky Shot USA, LLC, as set forth

8

Case 6:18-cv-00690-CEM-DCI Document 1 Filed 05/16/18 Page 9 of 28 PageID 9

above, causing a significant disruption to Plaintiff's business. As such, Plaintiff will continue to be damaged by the Mark.

45. If Defendant is permitted to retain the Registration sought to be cancelled, and therefore the prima facie exclusive right to use in commerce the Marks, Lucky Shot USA, LLC will suffer a great detriment.

46. Lucky Shot USA, LLC seeks a declaration cancelling the Registration.

## COUNT FIVE

### Interference with a business relationship

47. Lucky Shot USA, LLC herein repeats, realleges and reiterates each and every allegation as set forth in paragraphs numbered and designated as 1 through 24, 26, 35 and 36, as if more fully set forth herein.

48. At all times material prior to Defendant contacting Etsy, Plaintiff had established and maintained an ongoing positive and profitable business relationship with Etsy. The business relationship involved Plaintiff using the sales platform offered by Etsy to sell bullet related products to consumers as well as wholesale distributors.

49. At all times material prior to Defendant contacting Amazon, Plaintiff had established and maintained an ongoing positive and profitable business relationship with Amazon. The business relationship involved Plaintiff using the sales platform offered by Amazon to sell bullet related products to consumers as well as wholesale distributors.

50. Defendant was aware that Plaintiff used the sales platform offered by Etsy to offer and sell its bullet related products. Accordingly, Defendant knew or should have known that Plaintiff had established and was maintaining a business relationship with Etsy.

9

51. Defendant was aware that Plaintiff used the sales platform offered by Amazon to offer and sell its bullet related products. Accordingly, Defendant knew or should have known that Plaintiff had established and was maintaining a business relationship with Amazon.

52. Defendant intentionally interfered with Plaintiff's favorable business relationship with Etsy by communicating with Etsy and without justification or legitimate basis, making allegations and misrepresentations to Etsy that Plaintiff did not possess proper authority to sell bullet related products, or that Plaintiff was selling counterfeit products or words to that effect, such that Etsy took action on the allegations and misrepresentations by Defendant and suspended Plaintiff's ability to list or sell its bullet related products on Etsy's sales platform and otherwise has prevented Plaintiff from listing or selling its bullet related products on Etsy's sales platform.

53. Defendant intentionally interfered with Plaintiff's favorable business relationship with Amazon by communicating with Amazon and without justification or legitimate basis, making allegations and misrepresentations to Amazon that Plaintiff did not possess proper authority to sell bullet related products, or that Plaintiff was selling counterfeit products or words to that effect, such that Amazon took action on the allegations and misrepresentations by Defendant and suspended Plaintiff's ability to list or sell its bullet related products on Amazon's sales platform and otherwise has prevented Plaintiff from listing or selling its bullet related products on Etsy's sales platform.

54. Plaintiff's business relationship with Etsy afforded Plaintiff existing and prospective rights and interests with maintaining a presence and ability to market and sell bullet related products on Etsy's sales platform. Plaintiff had an understanding and agreement with Etsy to list bullet related products on Etsy's sales platform and that understanding and agreement would have continued had it not been for the intentional and tortious interference by Defendant.

56. Plaintiff's business relationship with Amazon afforded Plaintiff existing and prospective rights and interests with maintaining a presence and ability to market and sell bullet related products on Amazon's sales platform. Plaintiff had an understanding and agreement with Amazon to list bullet related products on Amazon's sales platform and that understanding and agreement would have continued had it not been for the intentional and tortious interference by Defendant.

57. Defendant's intentional and unjustified actions have been detrimental to Plaintiff and have caused damage to Plaintiff.

WHEREFORE, Plaintiff respectfully requests the Court to enter a judgment in favor of Plaintiff and against Defendant for damages, including an award of court costs, interest and such other and further relieve as the Court deems appropriate.

## COUNT SIX

### Florida Deceptive and Unfair Trade Practices

58. Lucky Shot USA, LLC herein repeats, realleges and reiterates each and every allegation as set forth in paragraphs numbered and designated as 1 through 24, 26, 35, 36, and 48 through 51, as if more fully set forth herein.

59. Both Plaintiff and Defendant are in the business of selling bullet related products and are competitors.

60. Upon information and belief, Defendant is in possession of a limited and most likely unenforceable trademark registration for a large caliber bullet shaped bottle opener.

61. Defendant intentionally communicated with Etsy without justification or legitimate basis, and made allegations and misrepresentations to Etsy that Plaintiff did not possess proper authority to sell bullet related products, including but not limited to large caliber

11

bullet shaped bottle openers, or that Plaintiff was selling counterfeit products or words to that effect, including but not limited to large caliber bullet shaped bottle openers, such that Etsy took action on the allegations and misrepresentations by Defendant and suspended Plaintiff's ability to list or sell any of its bullet bottle openers and some related products on Etsy's sales platform and otherwise has prevented Plaintiff from listing or selling any its bullet bottle openers and some related products on Etsy's sales platform.

62. Defendant intentionally communicated with Amazon without justification or legitimate basis, and made allegations and misrepresentations to Amazon that Plaintiff did not possess proper authority to sell bullet related products, including but not limited to large caliber bullet shaped bottle openers, or that Plaintiff was selling counterfeit products or words to that effect, including but not limited to large caliber bullet shaped bottle openers, such that Amazon took action on the allegations and misrepresentations by Defendant and suspended Plaintiff's ability to list or sell any of its bullet bottle openers and some related products on Amazon's sales platform and otherwise has prevented Plaintiff from listing or selling any of its bullet bottle openers and some related products on Amazon's sales platform.

63. Defendant unfairly and with intent to deceive communicated with Etsy in such a way that Etsy suspended Plaintiff's ability to market and sell any of its bullet bottle openers and some related products on Etsy's sales platform. Upon information and believe, Defendant misrepresented and acted with deceptive intent by asserting to Etsy that Defendant had rights to prevent competitive products or that it asserted rights it does not legally and rightfully possess to claim that Plaintiff was selling counterfeit or unauthorized bullet related products, beyond any colorable rights provided by Defendant's trademark registration.

12

64. Defendant unfairly and with intent to deceive communicated with Amazon in such a way that Amazon suspended Plaintiff's ability to market and sell any of its bullet bottle openers and some related products on Amazon's sales platform. Upon information and believe, Defendant misrepresented and acted with deceptive intent by asserting to Amazon that Defendant had rights to prevent competitive products or that it asserted rights it does not legally and rightfully possess to claim that Plaintiff was selling counterfeit or unauthorized bullet related products, well beyond any colorable rights provided by Defendant's trademark registration.

65. Defendant's allegations and misrepresentations which caused Etsy to suspend Plaintiff's ability to utilize Etsy's sales platform was a deceptive and unfair action which was intended and likely to mislead Etsy and, in the process, mislead consumers, as Plaintiff is now no longer available to consumers of any bullet bottle openers on Etsy's sales platform. Furthermore, this unfair practice limits the competition of Defendant, limits the number of sellers of bullet related products available to the public on Etsy's sales platform, and it is unethical and oppressive to Plaintiff and injurious to consumers.

66. Defendant's allegations and misrepresentations which caused Amazon to suspend Plaintiff's ability to utilize Amazon's sales platform was a deceptive and unfair action which was intended and likely to mislead Amazon and, in the process, mislead consumers, as Plaintiff is now no longer available to consumers of bullet bottle openers on Amazon's sales platform. Furthermore, this unfair practice limits the competition of Defendant, limits the number of sellers of bullet related products available to the public on Amazon's sales platform, and it is unethical and oppressive to Plaintiff and injurious to consumers.

13

67. Defendant's unfair and deceptive practices of misrepresentation and misleading allegations to third parties upon whom Plaintiff relied upon for conducting its business have been detrimental to Plaintiff and have caused actual damage to Plaintiff.

68. Plaintiff has had to retain the undersigned counsel to represent it in this action and is obligated to pay a reasonable fee for the services rendered. Florida Statute §501.2105 provides for an award of attorney's fees to the prevailing party for having to bring this action and Plaintiff is entitled to such an award.

WHEREFORE, Plaintiff respectfully requests the Court to enter a judgment in favor of Plaintiff and against Defendant for damages, including an award of attorney's fees, court costs, interest and such other and further relieve as the Court deems appropriate.

## COUNT SEVEN

### Unfair Competition (common law)

69. Lucky Shot USA, LLC herein repeats, realleges and reiterates each and every allegation as set forth in paragraphs numbered and designated as 1 through 24, 26, 35, 36, 48 through 51, 58, 60 and 61, as if more fully set forth herein.

70. Defendant's allegations and misrepresentations to Etsy and Amazon were deceptive and dishonest efforts to unfairly restrict Plaintiff's ability to compete with Defendant in the marketplace, unfairly limit Plaintiff's ability to conduct fair and open business and were contrary to honest practice in commercial matters. The allegations and misrepresentations were false or so misleading as to lead to false conclusions with the intent to deceive Etsy and Amazon into believing that Defendant had rights and abilities to restrict commerce which it did not possess.

14

70. Defendant knew or should have known that the allegations and misrepresentations to Etsy and Amazon which caused Etsy and Amazon to suspend Plaintiff's ability to list and sell its bullet related products on their respective sales platforms were false or misleading enough to cause the suspension and that Etsy and Amazon would each respectively rely on those allegations and misrepresentations and act upon them to Plaintiff's detriment. These allegations and misrepresentations were made in bad faith and with malice or reckless indifference to the Plaintiff's and consumer's interest.

WHEREFORE, Plaintiff respectfully requests the Court to enter a judgment in favor of Plaintiff and against Defendant for damages, including an award of court costs, interest and such other and further relieve as the Court deems appropriate.

## COUNT EIGHT

### Defamation (per se)

71. Lucky Shot USA, LLC herein repeats, realleges and reiterates each and every allegation as set forth in paragraphs numbered and designated as 1 through 24, 26, 35, 36, 48 through 51, 60 and 61, as if more fully set forth herein.

72. Defendant made false and misleading statements to Etsy and to Amazon in an effort to restrict Plaintiff's ability to conduct business and to cause harm to Plaintiff's business. The false and misleading statements were to the effect that Plaintiff was selling counterfeit products or products for which Plaintiff allegedly did not have authority to sell or otherwise that Plaintiff was in violation of some policy or requirement of Etsy and Amazon, respectively, for selling products on their respective sales platforms.

74. Both Etsy and Amazon relied upon the false and misleading statements from Defendant and suspended Plaintiff's ability to list and sell bullet related products on their respective sales platforms, all to Plaintiff's detriment.

75. Plaintiff has been damaged by Defendant's false and defamatory statement by losing business, losing customers, losing the ability so market and sell its products on Etsy's and Amazon's sales platforms, losing market share and losing revenue.

76. Plaintiff has also suffered damage to its reputation in the marketplace and with Etsy and with Amazon, and has suffered humiliation, all of which has prejudiced its business and has deterred Etsy and Amazon from doing business with Plaintiff. The false and misleading statements by Defendant have impugned Plaintiff's method of doing business to Plaintiff's great detriment and continuing harm.

WHEREFORE, Plaintiff respectfully requests the Court to enter a judgment in favor of Plaintiff and against Defendant for damages, including an award of attorney's fees, court costs, interest and such other and further relieve as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE Lucky Shot USA, LLC prays for a declaratory judgment that:

(1) Any past and any potential future sale of bullet shaped bottle openers by Lucky Shot USA, LLC, Inc., does not infringe and at all times has never infringed, any existing and valid U.S. Trademark registration owned by the Defendant under the Lanham Act, 15 U.S.C. § 1114, including, but not limited to, Registration No. 4,630,557 for "three dimensional configuration of a large caliber bullet in a cartridge" bottle openers;

(2) Any past and any future sales of bullet shaped bottle openers by Lucky Shot USA, LLC does not infringe and has not infringed upon any existing and valid trademarks owned by

Defendant, and has not caused any injury to Defendant under the Lanham Act, 15 U.S.C. § 1125(a);

(3) Defendant, its officers, agents, servants, employees and attorneys, and all those in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from instituting, prosecuting or threatening any action against Lucky Shot USA, LLC, its affiliates or anyone in privity with it, in connection with the Registration and the sale of bullet shaped bottle openers;

(4) The Court enter Judgment that the Registration and Trademark No. 4,630,557 is invalid and unenforceable, pursuant to 15 U.S.C. § 1119; and

(5) The Court enter Judgment that the Trademark Registration Trademark No. 4,630,557 is cancelled, pursuant to 15 U.S.C. § 1064; together with such other and further relief as to this Court seems, just, proper and equitable under the facts and circumstances presented herein.

**WHEREFORE**, Lucky Shot USA, LLC respectfully requests the Court to enter a judgment in favor of Plaintiff and against Defendant for damages, including an award of attorney's fees, court costs, interest and such other and further relieve as the Court deems appropriate.

Dated: March 15, 2018

Respectfully submitted,

By: /Thomas Tukdarian/
Thomas Tukdarian, Esq.
Florida Bar # 457965
Law Office of Thomas H. Tukdarian, Esq.
7575 Dr. Phillips Boulevard
Suite 360
Orlando, Florida 32819
Telephone: (407) 363-7880
Fax: (407) 363-7990
Email: ttukdarian@tukdarianlaw.com

By: _____
Kevin Keener
Keener and Associates, P.C.
161 North Clark St.
Suite 1600
Chicago, Illinois 60601
Telephone: (312) 523-2164
Email: kevin.keener@keenerlegal.com
Trial Counsel

*Attorneys for Lucky Shot USA, LLC*