**NICHOLAS & TOMASEVIC, LLP**
  Craig M. Nicholas (SBN 178444)
  David G. Greco (SBN 299635)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: dgreco@nicholaslaw.org

**KEENER AND ASSOCIATES, P.C.**
  Kevin Keener (*pro hac vice*)
161 North Clark Street, Suite 1600
Chicago IL 60601
Tel: (312) 523-2164
Email: kevin.keener@keenerlegal.com

Attorneys for Third Party Defendants
LUCKY SHOT USA LLC and 2 MONKEY TRADING LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BULLETS2BANDAGES, LLC, a California Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> CALIBER CORPORATION, an Illinois Corporation, <br><br> Defendant. | CASE NO. 3:18-cv-00669-GPC-KSC <br><br> **THIRD PARTY DEFENDANTS LUCKY SHOT USA LLC AND 2 MONKEY TRADING LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CALIBER CORPORATION'S THIRD PARTY COMPLAINT** <br><br> **[FED. R. CIV. P. 12(b)(2)]** |
| CALIBER CORPORATION, an Illinois Corporation, <br><br> Counterclaim-Plaintiff, <br><br> vs. <br><br> BULLETS2BANDAGES, LLC, a California Limited Liability Company, <br><br> Counterclaim-Defendant. | **Date:** July 27, 2018 <br> **Time:** 1:30 p.m. <br> **Courtroom:** 2D |
| CALIBER CORPORATION, an Illinois Corporation, <br><br> Third Party Plaintiff, <br><br> vs. <br><br> LUCKY SHOT USA LLC, a Florida Limited Liability Company; and 2 MONKEY TRADING LLC, a Florida Limited Liability Company, <br><br> Third Party Defendants. | **Judge**: Hon. Gonzalo P. Curiel <br> **Magistrate**: Hon. Karen S. Crawford <br><br> **Complaint Filed**: April 3, 2018 <br> **Trial Date**: None Set |

# I.    **INTRODUCTION**

Third Party Defendants Lucky Shot USA, LLC ("Lucky Shot") and 2 Monkey Trading, LLC ("2 Monkey") hereby submit this reply in support of their motion to dismiss the third-party complaint submitted in this case by Caliber Corporation ("Caliber").

## II.    **2 MONEY AND LUCKY SHOT ARE RELATED COMPANIES**

Caliber makes the argument that the First-to-File Rule does not apply to 2 Monkey since it is not the Plaintiff in *Lucky Shot USA, LLC v. Caliber Corporation*, Case No. 6:18-cv-398-Orl-22DCI (hereafter "Florida Proceeding"). However, 2 Monkey can still invoke the first-to-file rule. All that is required to invoke the first-to-file rule is that parties involved in the prior-filed suit are similar, not identical.

Three factors are considered when determining whether the first-to-file rule applies: (1) chronology of the two actions, (2) similarity of the parties, and (3) similarity of the issues. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). "[T]he first-to-file rule does not require strict identity of the parties, but rather substantial similarity." *Adoma v. University of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010). In other words, exact identity is not required to invoke the first-to-file rule. *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1290 (N.D. Cal. 2013); *see also Pacific Coast Breaker, Inc. v. Connecticut Electric, Inc.*, 2011 WL 2073796, at *3 (E.D. Cal. May 24, 2011) ("The [first-to-file] rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters.") (citations omitted).

In this case, both Lucky Shot and 2 Monkey are "commonly owned and related organizations." See ECF No. 18-2, Declaration of Douglas Ingalls at ¶ 7. The Florida Proceeding involves substantially the same parties. Therefore, 2 Monkey may invoke the first-to-file doctrine.

THIRD PARTY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

## III.    THE FLORIDA PROCEEDING IS NOT ANTICIPATORY

Caliber claims that the Florida Proceeding is an "anticipatory filing." Caliber cites *SAES Getters S.P.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1084 (S.D. Cal 2002), to support this contention. However, the facts in *SAES Getters* are not present in this case. In *SAES Getters*, there was already a prior pending lawsuit between the parties. *See SAES Getters*, 219 F. Supp. 2d at 1084 (S.D. Cal 2002). In that case the defendant filed a motion for leave to amend its answer to add a counterclaim for patent infringement. *Id.* Two weeks after the defendant filed its motion, the plaintiff's wholly-owned subsidiary filed a declaratory judgment action. *Id.* When determining which claims were first, the Court held that the defendant's counterclaims were filed when it filed its motion for leave. *Id.* at 1093-1094. Thus, *SAES Getters* does not stand for the broad proposition that a first-filed declaratory judgment action can be ignored if a plaintiff files a second lawsuit shortly afterward. *SAES Getters* simply stands for the proposition that a motion to amend which adds claims of infringement constitutes a filing for determining which case was filed first. The rule cited by Caliber is not applicable in the scenario presented in this case.

Even if such a broad rule were the holding, *SAES Getters* would still be distinguishable because the facts are wholly distinct. In this case, after Caliber submitted claims of trademark infringement to Amazon.com regarding listings owned by Lucky Shot, Lucky Shot filed the Florida Proceeding on March 21, 2018. It was after this filing that Lucky Shot attempted to resolve the situation before moving fully forward and engaged in settlement discussions with Caliber. *See* Exhibit 3 to Defendant Caliber Corporation's Opposition to Third-Party Defendants' Motion to Dismiss. However, Lucky Shot provided a deadline as to the end of those negotiations and notified Caliber that it would move forward if an agreement was not reached. *See* Exhibit 3 to Defendant Caliber Corporation's Opposition to Third-Party Defendants' Motion to Dismiss. When the deadline passed and no agreement was reached, Lucky Shot then proceeded to perfect service in the Florida Proceeding. Good faith

negotiations had occurred between the parties but those negotiations had reached an ending point.

Therefore, the Florida Proceeding was filed first and no amount of maneuvering by Caliber can change that. There is no broad rule that a second filed case can have priority if the parties are involved in good faith negotiations. There was no prior lawsuit where Caliber sought to amend a pleading to add the claims at issue, such as were present in *SAES Getters*. The Florida Proceeding was filed first, plain and simple.

## IV. THE MANUFACTURING AGREEMENT DOES NOT CONFER PERSONAL JURISDICTION IN THIS MATTER

Caliber attempts to invoke the manufacturing agreement between Bullets2Bandanges, LLC and 2 Monkey ("Manufacturing Agreement") for the proposition that 2 Monkey has purposely availed itself to the jurisdiction of this Court. It is true that the Manufacturing Agreement has a jurisdiction clause stating that "[a]ny dispute regarding this Agreement shall be filed in the appropriate court in San Diego County in a Court having subject matter jurisdiction thereof." *See* Exhibit 2 to Defendant Caliber Corporation's Opposition to Third-Party Defendants' Motion to Dismiss. However, Caliber is not a party to the Manufacturing Agreement and has no right to enforce the clause against 2 Monkey. Neither is Caliber a third-party beneficiary of the Manufacturing Agreement.

"Before a third party can recover under a contract, it must show that the contract was made for its direct benefit - that it is an intended beneficiary of the contract." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 2000). In this case Caliber is not a third-party beneficiary to the Manufacturing Agreement. The Manufacturing Agreement was not made for its benefit. It is not foreseeable that 2 Monkey could be subjected to the jurisdiction of this Court by Caliber when it entered into the Manufacturing Agreement. The jurisdiction clause in the Manufacturing Agreement could be raised by either of the parties to the agreement against the other. But not by a third-party.

THIRD PARTY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Furthermore, the jurisdiction clause states that San Diego is the jurisdiction for "[a]ny dispute regarding this Agreement." The claims within Caliber's Third-Party Complaint against 2 Monkey do not involve any claims regarding the Manufacturing Agreement. Caliber asserts claims of trademark infringement by 2 Monkey. However, nowhere in its claims against 2 Monkey does Caliber assert a claim for breach of contract regarding the Manufacturing Agreement. Therefore, the Manufacturing Agreement does not grant this Court personal jurisdiction over 2 Monkey or Lucky Shot in this matter.

## V. <u>JUDICIAL ECONOMY IS IN FAVOR OF PROCEEDING IN FLORIDA</u>

Preserving the judicial economy of this Court favors dismissing Lucky Shot and 2 Monkey in favor of the Florida Proceeding. "Courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice and having one trial court decide [several] claims clearly furthers that objective." Hangzhou Chic Intelligent Tech. Co. v. Swagway, LLC, No. 16-CV-04804-HSG, 2017 WL 1425915, at *4-5 (N.D. Cal. Apr. 21, 2017) (citing In re Google, 412 Fed. Appx. 295, 296 (Fed. Cir. 2011); Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (9th Cir. 1989)) (internal quotation marks omitted). "[W]here substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit." Id. (citations omitted).

"In considering court congestion, '[t]he real issue is not whether a dismissal will reduce a court's congestion but whether a trial may well be speedier in another court because of its less crowded docket.'" Gambra v. Int'l Lease Fin. Corp., 377 F. Supp. 2d 810, 824 (C.D. Cal. 2005) (quoting Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1337 (9th Cir. 1984)).

In the current matter, the Florida Proceeding is further along than the present action. Although Caliber filed a motion to dismiss for failure to state a claim, the

motion filed by Caliber did not include claims that the Court did not have personal jurisdiction over Caliber. On the chance that Caliber's motion is granted, Lucky Shot will likely easily gain leave of the Court to amend its initial complaint. Furthermore, the parties have already provided initial disclosures to each other, engaged in a case management conference, and have established a case schedule which has already been accepted and entered by the Florida Court. Thus, dismissing the Third Party claims against Lucky Shot and 2 Monkey will preserve judicial resources as the parties may proceed to trial faster in Florida than in this Court. Except for Caliber's motion to dismiss pursuant to Rule 12(b)(6), the Florida Court does not have to determine issues of jurisdiction, whether parties are related, or any other initial matter on whether the case may proceed to the merits. Thus judicial economy weighs in favor of dismissing Caliber's Third Party Complaint.

## VI.    **<u>CONCLUSION</u>**

Lucky Shot and 2 Monkey hereby respectfully request that this Court dismiss the Third Party Complaint submitted by Caliber. There is already a proceeding going on between the parties in Florida. Furthermore, this Court does not have jurisdiction over the Lucky Shot or Caliber.


Respectfully submitted:                              **KEENER AND ASSOCIATES, P.C.**

Date: July 20, 2018                    By:    /s/Kevin Keener
                                              Kevin Keener (IL Bar No. 6296898)
                                              *Pro Hac Vice*
                                              161 North Clark Street, Suite 1600
                                              Chicago, Illinois 60601
                                              Tel: (312) 523-2164
                                              Email: kevin.keener@keenerlegal.com

                                              **NICHOLAS & TOMASEVIC, LLP**
                                              Craig M. Nicholas (SBN 178444)
                                              David G. Greco (SBN 299635)
                                              225 Broadway, Floor 19
                                              San Diego, CA 92101
                                              Tel: (619) 325-0492
                                              Fax: (619) 325-0496
                                              Email: cnicholas@nicholaslaw.org
                                              Email: dgreco@nicholaslaw.org



*Attorneys for Lucky Shot USA, LLC and*
*2 Monkey Trading, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2018 I will cause this **THIRD PARTY DEFENDANTS LUCKY SHOT USA LLC AND 2 MONKEY TRADING LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CALIBER CORPORATION'S THIRD PARTY COMPLAINT** to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all party participants subscribing to the system.

Dated: July 20, 2018          By:     /s/Kevin Keener            
                                        Kevin Keener
                                        Attorney for Third Party Defendants
                                        Lucky Shot USA, LLC
                                        2 Monkey Trading, LLC