UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BULLETS2BANDAGES, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALIBER CORPORATION,<br><br>　　　　　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 18cv669-GPC(MSB)<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO CONTINUE FACT DISCOVERY DEADLINE [ECF NO. 43];**<br><br>**(2) RESETTING MANDATORY SETTLEMENT CONFERENCE, AND**<br><br>**(3) SCHEDULING A TELEPHONIC ATTORNEYS-ONLY CASE MANAGEMENT CONFERENCE** |

　　　On April 23, 2019, Plaintiff/Counterclaim-Defendant Bullets2Bandages, LLC and third-party Defendants Lucky Shot USA, LLC and 2 Monkey Trading, LLC filed a "Joint Motion for Extension of Time to Extend Discovery Cut-off." (J. Mot., ECF No. 43.) They ask the Court to continue the May 10, 2019 deadline to complete all fact discovery by sixty days until July 9, 2019. (Id. at 2-3.) In support, the parties state that they are "currently engaged in ongoing settlement discussions and are desirous of continuing those discussions[.]" (Id.) They further state that "Defendant/Counterclaim-

1

Plaintiff/Third-Party Plaintiff CALIBER CORPORATION . . . has represented to the moving parties it does not oppose the relief sought by this Joint Motion." (Id. at 3.)

Having considered the joint motion and finding good cause, the Court **GRANTS** the motion. Accordingly, the Court continues the fact discovery deadline from **May 10, 2019** until **July 9, 2019**.

Further, in light of the transfer of this case from United States Magistrate Judge Karen S. Crawford to United States Magistrate Judge Michael S. Berg, the Court schedules a telephonic attorneys-only Case Management Conference for **June 5, 2019**, at **9:00 a.m.** Plaintiff's counsel is to arrange and initiate the conference call. The telephone number for Judge Berg's chambers is (619) 557-6632.

Additionally, in light of the conflict on the Court's calendar, the Court **RESETS** the Mandatory Settlement Conference set for **September 30, 2019**, to **September 16, 2019**, at **9:30 a.m.** The conference will be conducted in the chambers of **Magistrate Judge Michael S. Berg** located at **221 West Broadway, Suite 3145, San Diego, CA 92101**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

    a.    **Personal Appearance of Parties Required**: All named parties, party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must be present **in person** and legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

b. **Full Settlement Authority Required**: A party or party representative with full settlement authority[1] must be present at the conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement. A government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

c. **Confidential Settlement Statements Required**: On or before <u>**September 9, 2019**</u>, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements. The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits. Each party's settlement statement must outline (1) the nature of the case and the claims, (2) position on liability or defenses; (3) position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) any previous settlement negotiations or mediation efforts. The Mandatory Settlement Conference statement **must not merely repeat** what was contained in the Early Neutral Evaluation conference brief or any earlier settlement brief. The settlement statement **must specifically identify what the discovery process revealed** and the effect that the evidence has on the issues in the case. To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

to the Court's evaluation of the matter, these documents must be attached as exhibits. Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.

If a specific demand or offer cannot be made at the time the settlement statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated.  Further, the party must explain when they will be in a position to state a demand or offer.  General statements such as a party will "negotiate in good faith" is **not** a specific demand or offer.  The settlement statement should be submitted confidentially and need not be shared with other parties.

        d.     **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference, or request for relief from any of the provisions or requirements of this Order, must be sought by a **written application**.  **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) calendar days prior to the scheduled conference.**

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

**All other deadlines and requirements remain as previously set**.  (See Sched. Order, ECF No. 35.)

**IT IS SO ORDERED.**

Dated:  April 25, 2019

_____
Honorable Michael S. Berg
United States Magistrate Judge