UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BULLETS2BANDAGES, LLC, a California limited liability company,<br><br>   Plaintiff,<br><br> v.<br><br>CALIBER CORPORATION, an Illinois corporation,<br><br>   Defendant. | Case No. 3:18-cv-00669-GPC-KSC<br><br>**ORDER DENYING THIRD PARTY DEFENDANT 2 MONKEY TRADING LLC'S MOTION TO SUBTITUTE IT IN PLACE OF PLAINTIFF BULLETS2BANDAGES, LLC**<br><br>**[Dkt. No. 49.]** |
| CALIBER CORPORATION, an Illinois Corporation,<br><br>   Counterclaim-Plaintiff,<br><br> v.<br><br>BULLETS2BANDAGES, LLC, a California limited liability company,<br><br>   Counterclaim-Defendant, | |
| CALIBER CORPORATION, an Illinois Corporation,<br><br>   Third-Party Plaintiff,<br><br> v.<br><br>LUCKY SHOT USA LLC, a Florida Limited Liability Company; and 2 MONKEY TRADING, LLC, a Florida Limited Liability Company,<br><br>   Third-Party Defendants, | |

1

LUCKY SHOT USA LLC, a Florida Limited Liability Company; and 2 MONKEY TRADING LLC, a Florida Limited Liability Company,

    Third- Party Counterclaim-Plaintiffs,

v.

CALIBER CORPORATION, an Illinois Corporation,

    Third Party Counterclaim-Defendant.

Before the Court is Third Party Defendant/Third Party Counterclaim Plaintiff 2 Monkey Trading LLC's ("2 Monkey") motion to substitute it in the place and stead of Plaintiff/Counterclaim-Defendant Bullets2Bandages, LLC ("B2B") pursuant to Federal Rule of Civil Procedure 25(c). (Dkt. No. 49.) On October 4, 2019, Defendant/ Third-Party Plaintiff/Counterclaim Plaintiff/Third Party Counterclaim-Defendant Caliber Corporation ("Caliber") filed an opposition. (Dkt. No. 55.) On October 11, 2019, 2 Monkey filed a reply. (Dkt. No. 26.) Based on the reasoning below, the Court DENIES 2 Monkey's motion to substitute.

## Background

Plaintiff Bullets2Bandages, LLC ("B2B") and Caliber both manufacture and sell bullet-shaped bottle openers. (Dkt. No. 5 at 9[1]; Case No. 13cv3134-CAB(BLM), Dkt. No. 1, Compl. ¶ 11.) In 2013, in case no. 13cv3134-CAB(BLM), B2B filed a complaint against Caliber for trademark infringement of B2B's U.S. Trademark Registration No. 4,364,453 for the mark CALIBER. (Case No. 13cv3134-CAB(BLM), Dkt. No. 1, Compl.) In turn, Caliber filed a counterclaim against B2B for Caliber's Trademark Application No. 85/588,703 for its Bullet Design mark. (Id., Dkt. No. 15.) Application

---

[1] Page numbers are based on the CM/ECF pagination.

2

No. 85/588,703 became U.S. Trademark Registration No. 4,630,557 on November 7, 2014. (Dkt. No. 5 at 9.)

On June 9, 2014, B2B and Caliber entered into a settlement agreement in Case No. 13cv3134-CAB(BLM). (Dkt. No. 1 Compl. ¶ 9.) As part of the settlement agreement, B2B assigned to Caliber all rights to the CALIBER mark and agreed to not use the phrase "the ORIGINAL"[2] in relation with its sale of bullet-shaped bottle openers.[3] (Dkt. No. 5, Counterclaim/TPC ¶ 23.) On June 9, 2014, B2B's U.S. Trademark Registration No. 4,364,453 was assigned to Caliber in exchange for good and valuable consideration. (Id. ¶ 18.) In exchange, Caliber granted B2B a worldwide, non-exclusive license to both the CALIBER mark and the Bullet Trade Dress." (Id. ¶ 23.)

The underlying complaint alleges that B2B, relying on the settlement agreement, manufactured products that it then sells to wholesalers, such as 2 Monkey (a/k/a Lucky Shot) who sells the products directly to consumers. (Dkt. No. 1, Compl. ¶ 11.) 2 Monkey sells B2B's products through Amazon and Etsy. (Id.) B2B learned that someone complained that 2 Monkey's products were infringing. (Id. ¶ 12.) Due to the complaints, Amazon and Etsy removed 2 Monkey's listings from their websites, barring it from engaging in any sales of B2B's products. (Id.)

B2B suspected Caliber complained to Amazon and Etsy and when it contacted Caliber, it was slow to respond despite the substantial financial damage to B2B for 2 Monkey's inability to sell its products. (Id. ¶¶ 14-16.) Then Caliber told B2B that it was disappointed that B2B had signed an agreement with 2 Monkey. (Id. ¶ 17.) Instead of raising an issue concerning the Settlement Agreement, it asked B2B to repudiate its agreement with 2 Monkey so that B2B and Caliber could work together to make 2

---

[2] Caiber also owns trademark Registration No. 4,930,487 for the mark, ORIGINAL .50 CALIBER BOTTLE OPENER. (Dkt. No. 5, Counterclaim/TPC ¶ 19.)
[3] On January 16, 2014, Caliber filed a petition for cancellation of B2B's CALIBER mark. (Dkt. No. 5, Counterclaim/TPC ¶ 22.)

3

Monkey pay a higher rate. (Id.) Caliber also threatened that it would begin licensing the CALIBER Mark and Bullet Trade Dress to anyone so that the market would be flooded ultimately taking sales away from B2B and 2 Monkey. (Id. ¶ 18.)

Consequently, on April 3, 2018, B2B filed the underlying complaint against Caliber for breach of contract, interference with existing contractual relations, interference with prospective economic advantage and unfair competition under California Business & Professions Code section 17200 *et seq*. (Dkt. No. 1, Compl.)

On April 27, 2018, Defendant Caliber filed its Answer and a Counterclaim against B2B for breach of contract, interference with prospective economic advantage and negligent misrepresentation, unfair competition, two counts of federal unfair competition pursuant to 15 U.S.C. § 1125(a) and two counts of trademark infringement of U.S. Trademark Registration No. 4,930,487 (THE ORIGINAL .50 CALIBER BOTTLE OPENER) and the U.S. Trademark Registration No. 4,364,453[4] (CALIBER) pursuant to 15 U.S.C. § 1114. (Dkt. No. 5.) Caliber also filed a Third Party Complaint ("TPC") against Third Party Defendants Lucky Shot and 2 Monkey. (Id.) In the TPC, Caliber alleges eight causes of action of common law unfair competition, three counts of trademark infringement of U.S. Trademark Registration No. 4,630,557 (Bullet Design mark), U.S. Trademark Registration No. 4,364,453 (CALIBER) and U.S. Trademark Registration No. 4,930,487 (ORIGINAL .50 CALIBER BOTTLE OPENER) pursuant to 15 U.S.C. § 1114; three counts of federal unfair competition pursuant to 14 U.S.C. § 1125(a), and counterfeiting. (Dkt. No. 5 at 22-29.)

On June 8, 2018, B2B filed its answer to Caliber's counterclaims. (Dkt. No. 22.) On August 7, 2018, Third Party Defendants 2 Monkey and Lucky Shot filed their Answer to the TPC and a Counterclaim against Caliber seeking a declaration that Trademark No. 4,630,557 is invalid, Cancellation of Federal Trademark Registration

---

[4] While the eighth counterclaim alleges federal trademark infringement for the CALIBER Mark, it lists U.S. Registration No. 4,930,487. (Dkt. No. 5, Counterclaim/TPC ¶ 117.) However, the CALIBER mark is U.S. Trademark Registration No. 4,364,453. It appears that this may be an oversight by Caliber.

4

No. 4,630,557, Cancellation of Federal Trade Mark Registration No. 4,364,453, and Cancellation of Federal Trademark Registration No. 4,930,487. (Dkt. No. 28.) On August 28, 2018, Caliber filed its answer to the Third-Party Defendants' Counterclaim. (Dkt. No. 30.)

On September 12, 2019, B2B sold all of its business assets related to bullet bottle openers, including the settlement agreement, which is at issue in this case to 2 Monkey Trading. (Dkt. No. 49-2, Keener Decl. ¶ 2, Ex. A.)

In its motion, 2 Monkey seeks to substitute itself in place of B2B. It contends that because 2 Monkey has all right, title and interest in the settlement agreement, it is now the real party in interest in the subject litigation. Substitution is appropriate, it maintains, because B2B transferred production assets under the APA. Moreover, B2B also transferred all rights to the claims that B2B had in this case and 2Monkey agreed to defend and indemnity B2B against any claims and defenses in the case. They also mutually agreed that 2Monkey shall have the right to substitution on behalf of Caliber in the case. The parties agreed to transfer all rights and obligations in the instant action from B2B to 2Monkey.

Caliber opposes arguing that B2B and 2 Monkey are already parties to the litigation, 2 Monkey has not truly stepped in the shoes of B2B and is not the real party in interest with respect to claims by and against B2B, dismissal of B2B would greatly complicate the case, "the Asset Purchase Agreement" is now in dispute and creates new causes of action against B2B and dismissal of B2B would reward its bad faith tactics throughout the litigation. (Dkt. No. 55 at 6.)

**Discussion**

**A.  Federal Rule of Civil Procedure 26(c)**

Federal Rule of Civil Procedure ("Rule") 25(c) provides that if "an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with

5

the original party." Fed. R. Civ. P. 25(c). "Substitution or joinder is not mandatory where a transfer of interest has occurred." Sun-Maid Raisin Growers of Cal. v. Cal. Package Corp., 273 F.2d 272, 284 (9th Cir. 1959). The trial court has discretion to grant or deny substitution under Rule 25(c). In re Bernal, 207 F.3d 595, 598 (9th Cir. 2000); Fed. R. Civ. P. 25 ("If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."). Rule 25(c) is procedural, not substantive and does not create any new relationships; rather Rule 25(c) is "designed to allow the action to continue unabated when an interest in the lawsuit changes hands." In re Bernal, 207 F.3d at 598 ("The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named.").

"Whether a court should exercise its discretion in favor of substitution turns on whether the addition of the transferee will facilitate the conduct of the litigation." Toll Ca, L.P. v. American Safety Indemnity Co., 16cv1523-BTM-AGS, 2017 WL 2628059, at *5 (S.D. Cal. June 16, 2017) (citing In re Bernal, 207 F.3d at 599); NRDC v. Texaco Refining and Mktg., Inc., 2 F.3d 493, 506 (3d. Cir. 1993) ("Joinder of the transferee is unnecessary unless the trial court makes a discretionary determination that the transferee's presence would facilitate the case.").

First, Caliber challenges whether there has been a "transfer of interest" subject to Rule 25(c). According to caselaw, a "transfer of interest" as applied to Rule 25(c) has required that the assets as well as liabilities be transferred. See Zest IP Holdings, LLC v. Implant Direct Mfg., LLC, No. 10cv0541–GPC–WVG, 2013 WL 1626111, at *1 (S.D. Cal. Apr. 15, 2013) (citing Wainwright v. Kraftco Corp., 58 F.R.D. 9, 13 (N.D. Ga. 1973) ("[a]corporation's purchase of all assets of corporate defendant constitutes a 'transfer of interest' under Rule 25(c), and court appropriately ordered joinder where purchasing corporation would have burden of liability as result of its

6

purchase."); Mitnick v. davisREED Constr., Inc., Case No. 17cv747-H(WVG), 2019 WL 1572988, at *3 (S.D. Cal. Apr. 11, 2019) (noting that Rule 25(c) does not apply because the assignment for the benefit of credits assigned all goods, bonds, notes, books of account, contracts, rights and credits but did not transfer counterdefendant's liability to the assignee); see also In re Pub. Paper Antitrust Litig., Civil Action No. 3:04md1631 (SRU), 2013 WL 3155371, at *3-4 (D. Conn. June 20, 2013) (denying motion for substitution where third party had agreed only to indemnify defendant for losses solely related to the case and not assume defendant's liability directly); Centillion Data Sys., Inc. v. Am. Mgmt. Sys., Inc., 200 F.R.D. 618, 620 (S.D. Ind. 2001) (denying motion under Rule 25(c) because it was not known whether the party substituting in would assume the liabilities of the existing party).

Here, there is no indication in the APA whether 2 Monkey has accepted B2B's liabilities. The APA provides, under the heading California Lawsuit, "2 Monkey hereby agrees to defend and indemnify B2B for any losses or damages incurred by B2B arising out of claims, counterclaims, or defenses asserted in [this action]." (Dkt. No. 49-3, Ex. A at 2, APA ¶ 3.) The indemnity provision is limited and applies only to any losses incurred in this case. The APA does not provide that 2 Monkey assumes all of B2B's liability. Therefore, the Court DENIES 2 Monkey's motion on this ground. See In re Pub. Paper Antitrust Litig., 2013 WL 3155371, at *3-4 (denying motion for substitution where third party had agreed only to indemnify defendant for losses solely related to the case and not assume defendant's liability directly).

In addition, in ruling on Rule 25(c), the Court considers whether litigation will be facilitated by substituting 2 Monkey in place of B2B. The Court agrees with Caliber that adding 2 Monkey will only further complicate an already complicated case. Caliber argues that the APA will require additional discovery from B2B about the APA as well as potential trademark infringement by B2B as the APA purports to

7

retroactively create new rights. In fact, recently Caliber has filed a motion seeking additional discovery on the APA as well as a motion for leave to file an amended counterclaim alleging these claims as a result of the APA. (Dkt. Nos. 57, 58.) Therefore, if B2B is substituted out, Caliber will have to file a new lawsuit against B2B based on these overlapping issues. This is contrary to the purpose of Rule 25(c). Further, if B2B is substituted out, it will become a non-party participant which creates an additional hurdle for not only discovery but also for trial. B2B is a key party in the underlying complaint alleging breach of contract to the settlement agreement entered into in Case No. 13cv3134-CAB(BLM) and forms the basis of the counterclaims, third party complaint and third-party counterclaims. The Court concludes that litigation would not be facilitated but would instead be complicated if 2 Monkey was substituted in the place of B2B. In sum, the Court exercises its broad discretion and DENIES 2 Monkey's motion to substitute.

## Conclusion

Based on the above, the Court DENIES B2B's motion to substitute 2 Monkey in the place of B2B. The hearing set for November 8, 2019 shall be **vacated.**

IT IS SO ORDEDED.

Dated: November 1, 2019

Hon. Gonzalo P. Curiel
United States District Judge