UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BULLETS2BANDAGES, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALIBER CORPORATION,<br><br>　　　　　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 18cv669-GPC(MSB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CALIBER CORPORATION'S MOTION TO REOPEN DISCOVERY AND CONTINUE DATES [ECF NO. 57]** |

Currently before the Court is Caliber Corporation's ("Caliber") "Motion to Re-open Discovery and Extend Existing Dates for 90 Days" [ECF No. 57 ("Mot.")], Bullets2Bandages, LLC's ("B2B"), 2 Monkey Trading LLC's ("2 Monkey"), and Lucky Shot USA LLC's ("Lucky Shot") Opposition to the motion [ECF No. 72 ("Opp'n")], and Caliber's Reply [ECF No. 74 ("Reply")]. For the reasons set forth below, Caliber's motion is **GRANTED in part and DENIED in part.**

/ / /

/ / /

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff B2B and Defendant Caliber manufacture and sell bullet-shaped bottle openers. (ECF No. 5 at 9.) In 2013, B2B filed a suit against Caliber alleging trademark infringement of B2B's U.S. Trademark Registration No. 4,364,453 for the mark CALIBER, and Caliber counterclaimed against B2B for Caliber's Trademark Application No. 85/588,703 for its Bullet Trade Dress. (See Bullets2Bandages, LLC v. Caliber Corp., 13cv3134-CAB(BLM), ECF Nos. 1 & 15.) On June 9, 2014, B2B and Caliber entered into a Settlement Agreement, pursuant to which B2B assigned to Caliber all rights to the CALIBER mark and agreed to not use the phrase "the original" in relation with its sale of bullet-shaped bottle openers. (ECF No. 5 at 10.) On June 9, 2014, B2B's U.S. Trademark Registration No. 4,364,453 was assigned to Caliber, and Caliber granted B2B a worldwide, non-exclusive license to both the CALIBER mark and the Bullet Trade Dress. (Id. at 9-10.)

In this action, Plaintiff B2B alleges that in reliance on the Settlement Agreement, it manufactures products that it sells to wholesalers, including 2 Monkey, which in turn, sell the products to consumers through Amazon and Etsy websites. (ECF No. 1 at 4.) B2B discovered that someone complained to Amazon and Etsy that 2 Monkey's products were infringing, and the websites removed 2 Monkey's listings. (Id.) B2B filed this suit against Caliber alleging breach of contract, interference with existing contractual relations, interference with prospective economic relations, and unfair competition. (Id. at 6-9.) Caliber filed counterclaims against B2B for breach of contract, interference with prospective economic relations, negligent misrepresentation, common law unfair competition, federal unfair competition, and federal trademark infringement. (ECF No. 5 at 16-22.) Caliber also asserted claims against Third-Party Defendants Lucky Shot and 2 Monkey for common law unfair competition, federal trademark infringement, federal unfair competition, and counterfeiting. (Id. at 22-29.) Third-Party Defendants counterclaimed against Caliber seeking a declaration that

Trademark No. 4,630,557 is invalid and cancellation of Federal Trademark Registrations No. 4,630,557; 4,364,453; and 4,930,487. (ECF No. 28 at 17-22.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order regulating discovery "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. See Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). In its recent ruling, the Ninth Circuit has instructed district courts to consider the following factors when ruling on a motion to amend a Rule 16 scheduling order to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. Cty. Of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

## III. DISCUSSION

Defendant Caliber seeks to reopen discovery to obtain information regarding the Asset Purchase Agreement ("the AP Agreement"), which Plaintiff B2B and Third-Party Defendant 2 Monkey executed after fact discovery cutoff. (See Mot.) Caliber argues that the execution of the AP Agreement justifies reopening discovery and represents a change in circumstances providing good cause for extending the remaining deadlines. (Id. at 6-12.) Caliber asserts that the AP Agreement (1) purports to change the

relationships between the parties and affects nearly every aspect of the case, (2) creates new claims of trademark infringement and unfair competition against B2B by retroactively removing B2B's trademark license and granting it to 2 Monkey, (3) creates new breach of contract claims against Third-Party Defendants by allegedly transferring the license to 2 Monkey, and (4) creates new interference with prospective economic advantage claims against Third-Party Defendants. (Id. at 4-5.) Caliber also contends that if it is not allowed to conduct discovery into the AP Agreement, it can only pursue the claims arising out of the Agreement by filing a separate lawsuit, even though those claims are intertwined with the existing trademark infringement and breach of contract claims asserted in this case. (Id. at 5.)

B2B, 2 Monkey, and Lucky Shot ("the non-moving parties") oppose Caliber's motion arguing that reopening discovery will prejudice them and will not lead to relevant evidence. (Opp'n at 3-5.) In support, they assert that motions for summary judgement have been submitted, and the rulings on those motions could affect the need for any additional discovery. (Id. at 3-4.) The nonmoving parties also argue that Caliber was provided sufficient evidence that the AP Agreement is valid, including an unreacted copy of the AP Agreement marked as Attorneys' Eyes Only, a copy of the cancelled check that 2 Monkey paid to B2B under the AP Agreement, and the affidavit filed in support of B2B's motion to substitute parties. (Id. at 4.) The nonmoving parties further contend that the AP Agreement does not create new claims and ask the Court to deny Caliber's motion. (Id. at 5.)

Caliber replies that the nonmoving parties made the discovery regarding the AP Agreement directly relevant to the claims at issue in this case, and reopening discovery will not prejudice them. (Reply at 3.) Caliber states that some of the pending claims are independent of the issues that will be resolved by the rulings on the motions for summary judgement, and will require analysis of the AP Agreement that purports to retroactively change the relationship between B2B and 2 Monkey. (Id. at 4.) Caliber also argues that the AP Agreement is highly relevant to Third-Party Defendants'

4

infringement defense and all of B2B's claims. (Id. at 5.) Caliber asserts that the AP Agreement is a sham, the limited evidence regarding the AP Agreement provided to date is one-sided and incomplete, and Caliber needs an opportunity to issue formal document requests, interrogatories, and obtain deposition testimony related to the AP Agreement, its formation, repercussions, and validity. (Id. at 5-6.) Caliber thus moves to reopen discovery and extend existing dates by ninety days. (Id. at 6.)

### A. Caliber's Motion to Reopen Discovery

On November 15, 2018, the Court issued a Scheduling Order Regulating Discovery and Other Pre-trial Proceedings setting May 10, 2019, as the deadline for fact discovery. (ECF No. 35 at 2.) On April 25, 2019, the Court granted the parties' joint motion to continue fact discovery deadline until July 9, 2019. (ECF No. 44 at 2.) The Court further extended the deadline until August 26, 2019, for the limited purpose of obtaining third party discovery regarding the validity of the U.S. Trademark Registration No. 4,630,557. (ECF No. 48.) On September 12, 2019, Third-Party Defendants notified Caliber via e-mail that "B2B and 2 Monkey entered into a contract today where B2B assigned its business assets around the bullet trade dress and license to 2 Monkey." (Mot. at 3-4; see also ECF No. 57-3 at 1.)

The factors considered by courts in determining whether to amend a scheduling order weigh in favor of reopening discovery. See City of Pomona, 866 F.3d at 1066. Pretrial Conference in this case is set for March 6, 2020, and the trial has not yet been scheduled. (See ECF Nos. 35, 44, 48.) Although nonmoving parties oppose Caliber's motion arguing, in part, that they will be prejudiced if discovery is reopened, any alleged prejudice from reopening discovery into the AP Agreement is directly attributable to the actions of those parties. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."). Notably, B2B and Caliber were negotiating a settlement and exchanging drafts of a settlement agreement days

before B2B and 2 Monkey signed the AP Agreement. (See Mot. at 7.) The AP Agreement was executed weeks after the close of fact discovery, and Caliber could not have requested discovery about the AP Agreement within the deadlines set by the Court.

The Court also notes that on November 1, 2019, District Judge Curiel denied 2 Monkey's motion to substitute it in place of Plaintiff B2B. (See ECF No. 65.) Judge Curiel reasoned, in part, that the indemnity provision in the AP Agreement is limited, applies only to losses incurred in this case, and does not provide that 2 Monkey assumes all of B2B's liability. (Id. at 7.) The discovery Caliber seeks in the instant motion is directly relevant to the purported transfer of assets via the AP Agreement. Caliber maintains that the AP Agreement creates new legal relationships between the parties with respect to the Bullet Trade Dress, and new causes of action with respect to the Bullet Trade Dress and B2B's license under the same. (See Mot. at 10.) Caliber seeks relevant information without which it may not meaningfully assess the validity of the AP Agreement and its implications on the claims asserted in this case.

Having considered the City of Pomona factors, the Court finds good cause to modify the scheduling order. See City of Pomona, 866 F.3d at 1066. The Court **GRANTS** Caliber's motion to reopen discovery into the AP Agreement. However, to the extent Caliber is seeking to reopen all discovery,[1] the motion is **DENIED**. Accordingly, Caliber shall serve its discovery requests related to the AP Agreement by **December 16, 2019**. Responses to the requests must be provided by **January 10, 2020**. See Fed. R. Civ. P. 34(b)(2)(A). Further, if Caliber seeks to conduct any depositions related to the AP Agreement, those depositions must be completed by **January 24, 2020**.

///

---

[1] The Court notes that the parties filed a separate discovery motion, addressing Caliber's request to compel further discovery responses from B2B, 2 Monkey, and Lucky Shot. (See ECF No. 75.) The Court will address that motion in a separate order.

**B. Caliber's Motion to Continue Remaining Deadlines by Ninety days**

Caliber moves the Court to extend all remaining deadlines by ninety days, arguing that the requested extension is needed to investigate the impact of the AP Agreement on pending causes of action, and litigate additional claims created by the AP Agreement. (See Mot. at 10.)  B2B contends that no additional discovery is warranted and asks the Court to deny Caliber's motion to continue dates.  (See Opp'n at 1, 5.)

The Court reviewed the docket and notes that the remaining deadlines in this case are the March 6, 2020 Pretrial Conference and related pre-trial dates.  (ECF No. 35.)  There are several motions pending before District Judge Curiel, including Caliber's "Motion for Summary Judgment" [ECF No. 59] and "Motion for Leave to File Amended Counterclaims and Third-Party Claims" [ECF No. 64], and Lucky Shot's "Motion for Summary Judgement" [ECF No. 68].  In light of the procedural posture of the case, and the timeframe for the discovery into the AP Agreement specified above, the Court does not find good cause to continue the remaining pre-trial dates by ninety days at this stage of litigation.  Accordingly, the Court **DENIES without prejudice** Caliber's motion to continue.  However, if after the District Judge's rulings on the pending motion(s) Caliber deems it necessary to continue the remaining deadlines, it may renew its motion at that time.

**IT IS SO ORDERED.**

Dated:  December 6, 2019

Honorable Michael S. Berg
United States Magistrate Judge