UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BULLETS2BANDAGES, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIBER CORPORATION, an Illinois corporation,<br><br>    Defendant. | Case No. 3:18-cv-00669-GPC-KSC<br><br>**ORDER DENYING 2 MONKEY TRADING LLC'S MOTION TO VOLUNTARILY DISMISS THIRD PARTY COUNTERCLAIMS AGAINST CALIBER CORPORATION**<br><br>**[Dkt. No. 79.]** |
| CALIBER CORPORATION, an Illinois Corporation,<br><br>    Counterclaim-Plaintiff,<br><br>  v.<br><br>BULLETS2BANDAGES, LLC, a California limited liability company,<br><br>    Counterclaim-Defendant, | |
| CALIBER CORPORATION, an Illinois Corporation,<br><br>    Third-Party Plaintiff,<br><br>  v.<br><br>LUCKY SHOT USA LLC, a Florida Limited Liability Company; and 2 MONKEY TRADING, LLC, a Florida Limited Liability Company,<br><br>    Third-Party Defendants, | |

| | |
|---|---|
| 1 | LUCKY SHOT USA LLC, a Florida Limited Liability Company; and 2 MONKEY TRADING LLC, a Florida Limited Liability Company, |
| 2 | |
| 3 | Third- Party Counterclaim-Plaintiffs, |
| 4 | |
| 5 | v. |
| 6 | CALIBER CORPORATION, an Illinois Corporation, |
| 7 | Third Party Counterclaim-Defendant. |
| 8 | |

Before the Court is Third Party Defendant /Third Party Counterclaim Plaintiff 2 Monkey Trading, LLC ("2 Monkey")'s motion to voluntarily dismiss its Counterclaims, (Dkt. No. 42, Counterclaims ¶¶ 22-66), against Caliber Corporation. (Dkt. No. 79.) Third Party Plaintiff/Third Party Counterclaim Defendant Caliber filed an opposition. (Dkt. No. 88.) No reply has been filed. Based on the reasoning below, the Court DENIES without prejudice 2 Monkey's motion to voluntarily dismiss its Third Party Counterclaims.

## Background[1]

The facts of the case have been recited at length in the Court's prior order and will not be repeated here. (*See* Dkt. No. 95, Order Granting Motion for Leave to File Amended Counterclaims and Third Party Claims.) The Court presents an abbreviated version of the facts.

Plaintiff Bullets2Bandages, LLC ("B2B") and Defendant Caliber Corporation ("Caliber") are both in the business of selling bullet-shaped bottle openers. In a prior case, B2B and Caliber entered into a Settlement Agreement on June 9, 2014, to be effective April 7, 2014, where B2B assigned to Caliber all rights to the CALIBER

---

[1] The facts are taken from the Court's order granting Caliber's motion for leave to file Amended Counterclaims and Third Party claims. (Dkt. No. 95.)

Mark, U.S. Trademark Registration No. 4,364,453, agreed to withdraw its opposition to Caliber's registration of the Bullet Trade Dress[2] and agreed not to use the phrase "the original"[3] in connection with the sale of bullet-shaped bottle openers. (Dkt. No. 96, Counterclaim ¶ 23.) In exchange, Caliber agreed to grant B2B a worldwide, nonexclusive license to the Bullet Trade Dress and to "B2B's then-current use of the word 'Caliber'". (*Id.* ¶ 23; Dkt. No. 1, Compl. ¶ 9.)

In accordance with the Settlement Agreement, B2B sold its products to 2 Monkey Trading, LLC ("2 Monkey") (a/k/a Lucky Shot), a wholesaler. 2 Monkey sells B2B's products through online retailers, Amazon and Etsy. B2B learned that someone had complained that 2 Monkey's products were infringing, and as a result, Amazon and Etsy removed 2 Monkey's listings from their websites, barring it from engaging in any sales of B2B's products. It was later discovered that Caliber complained to Amazon and Etsy. The underlying Complaint alleges breach of the Settlement Agreement and related claims.

Meanwhile, Caliber's Counterclaim and Third-Party Complaint alleges that following the execution of the Settlement Agreement, Caliber manufactured large caliber bullet-shaped bottle openers for third parties including, 2 Monkey. (Dkt. No. 41, Counterclaim ¶ 36.) On or after April 7, 2017, Caliber told 2 Monkey that it could offer a nonexclusive license to its Bullet Trade Dress. (*Id.* at ¶ 37.) 2 Monkey then ceased purchasing product from Caliber and expressed an interest in obtaining a license for sale of products bearing the Bullet Trade Dress. (*Id.* ¶ 38.) During the remainder of 2017, 2 Monkey continued to independently purchase and/or manufacture bullet-shaped bottle openers. (*Id.* ¶ 39.) Around April 2017, 2 Monkey contracted with Triton Welding & Machine Shop located in Cocoa, Florida to cut openings in .50 caliber shell

---

[2] On December 23, 2013, B2B filed an opposition to Caliber's application for registration of the Bullet Trade Dress with the USPTO claiming that the mark constituted matter that is functional. (Dkt. No. 41, Counterclaim ¶ 21.)

[3] Caiber also owns trademark Registration No. 4,930,487 for the mark, ORIGINAL .50 CALIBER BOTTLE OPENER. (Dkt. No. 41, Counterclaim ¶ 19.)

casings and contracted with Orlando Contract Packaging located in Altamonte Springs, Florida to assemble .50 caliber bottle openers. (*Id.* ¶ 40.) 2 Monkey then de-burred and polished the bottle openers, itself, and sold them to others through Lucky Shot. (*Id.*) 2 Monkey knew it needed a license to the Bullet Trade Dress and engaged in negotiations with Caliber throughout 2017 and early 2018 regarding a license for the sale of large caliber bottle openers. (*Id.* ¶ 42.) On January 25, 2018, after making a requested change by 2 Monkey to the agreement, Caliber believed they had an agreement. (*Id.* ¶ 43.) But 2 Monkey delayed execution of the agreement. (*Id.* ¶ 44.) On February 23, 2018, 2 Monkey told Caliber that it would purchase products from B2B instead of Caliber. (*Id.* 45.) Because Caliber and 2 Monkey did not enter into a license agreement, 2 Monkey's prior sales of bullet-shaped bottle openers since April 2017 were unlicensed, unauthorized and counterfeit. (*Id.* ¶ 46.)

Around February 23, 2018, 2 Monkey entered into a Manufacturing Agreement with B2B without Caliber's knowledge, and on that day, 2 Monkey placed its first order of 5,000 .50 caliber bullet-shaped bottle openers and other bullet-shaped bottle openers. (*Id.* ¶ 47.) As a result, Caliber notified Amazon and Etsy on February 23, 2018 that Lucky Shot's then-existing product was infringing its Bullet Trade Dress. (*Id.* ¶ 48.) B2B did not obtain Caliber's consent to transfer rights to the Bullet Trade Dress or CALIBER mark to 2 Monkey or Lucky Shot. (*Id.* ¶ 49.) Lucky Shot continues to list bullet-shaped bottle openers on its own website, Amazon.com and Etsy.com without a license from Caliber. (*Id.* ¶ 50.) Lucky Shot also uses the phrase "the original" without a license from Caliber. (*Id.* ¶ 51.) B2B continues to use the phrase "the original" in connection with the sale of bullet-shaped bottle openers without a license from Caliber. (*Id.* ¶ 52.) Amazon and Etsy removed specific listings of Lucky Shot to comply with their policies on sale of infringing and/or counterfeit products. (*Id.* ¶ 53.) On March 1, 2018, B2B contacted Caliber demanding that the take-down notices be withdrawn explaining that all 2 Monkey/Lucky Shot products were being manufactured by B2B

4

as of Monday, February 26, 2018. (*Id.* ¶ 56.) In response, Caliber sought a copy of the Manufacturing Agreement that was heavily redacted but confirmed that B2B and 2 Monkey/Lucky Shot entered into a sublicense agreement. (*Id.* ¶ 60.) Moreover, invoices related to the production of bottle openers for 2 Monkey were produced indicating that B2B subcontracted with Triton Welding & Machine Shop, Inc. and Orlando Contract Packaging, the same companies 2 Monkey hired directly to manufacture bottle openers from April 2017 to February 2018. (*Id.* ¶¶ 61-62.) Caliber also requested the pricing information in the Manufacturing Agreement and purchase documents that verify that B2B is the manufacturer but B2B and 2 Monkey refused. (*Id.* ¶¶ 65, 66.) Therefore, Caliber is unable to determine whether the Lucky Shot bullet-shaped bottle openers on Amazon and Etsy are counterfeit, non-infringing or produced under the settlement agreement with B2B. (*Id.* ¶ 67.)

On January 10, 2019, Caliber filed the Amended Answer, Counterclaims and Third-Party Claims. (Dkt. No. 41.) On January 24, 2019, Third Party Defendants filed an Answer to the Third-Party Complaint and Counterclaim as well as their Third Party Counterclaims against Caliber seeking a declaration that trademark registration no. 4,630,557 (Bullet Trade Dress) is invalid, cancellation of federal trademark registration No. 4,630,557 (Bullet Trade Dress), cancellation of federal trademark registration No. 4,364,453 (CALIBER mark), and cancellation of federal trademark registration No. 4,930,487 (ORIGINAL mark). (Dkt. No. 42 at 15-22.)

The deadline for the completion of fact discovery in this case was May 10, 2019 and expert discovery deadline was September 13, 2019. (Dkt. No. 35 at 2-3.)

At the end of discovery, on September 12, 2019, B2B and 2 Monkey entered into an Asset Purchase Agreement ("APA") where B2B sold all of its business assets related to bullet bottle openers, including the subject matter of the Settlement Agreement, which is at issue in this case, to 2 Monkey. (Dkt. No. 64-10, Ex. 6 to Ex. A.) The APA specifically provides,

5

> a. B2B hereby assigns, transfers, grants, conveys, and delivers to 2 Monkey, all of its business assets related to the subject matter of the Settlement Agreement free and clear of all debts, security interest, liens, charges, or other encumbrances. For example, this includes B2B's bullet bottle opener manufacturing business.
> b. The Parties hereby make this assignment retroactively effective as of April 7, 2017.

(*Id.*, APA ¶ 1.)

Due to the APA, on September 13, 2019, 2 Monkey filed a motion to substitute it in place of B2B, which was denied on November 1, 2019. (Dkt. Nos. 49, 65.) On October 25, 2019, Caliber sought to re-open discovery concerning the execution and content of the APA to determine its impact on the instant litigation. (Dkt. No. 59.) In its motion, Caliber stated that once discovery is complete, the parties will need to brief and argue pre-trial motions related to the APA. (Dkt. No. 57-1 at 12.) On December 9, 2019, the Magistrate Judge granted Caliber's motion to reopen discovery solely into the APA with discovery to be completed by January 24, 2020. (Dkt. No. 90 at 6.) The Magistrate Judge noted that because the APA was executed weeks after the close of fact discovery, and the APA creates new legal relationships between the parties with respect with the Bullet Trade Dress creating new causes of action, the Magistrate Judge found good cause to reopen discovery. (*Id.* at 6.)

According to Caliber, the APA complicates the issues in the case because "(1) it purports to change the relationship of the parties and affect nearly every aspect of this case; (2) it creates new claims of trademark infringement and unfair competition against B2B by retroactively removing B2B's trademark license and granting it to 2 Monkey; (3) it creates new breach of contract claims against Third-Party Defendants by allegedly transferring the license to 2 Monkey; and (4) it creates new interference with prospective economic advantage claims against Third-Party Defendants." (Dkt. No. 64-1 at 4.)

6

On December 18, 2019, the Court granted Caliber's motion for leave to file Amended Counterclaims and Third-Party Claims. (Dkt. No. 95.) On December 20, 2019, Caliber filed a Second Amended Answer to Complaint, Counterclaims and Third-Party Claims. (Dkt. No. 96.) 2 Monkey and Lucky Shot filed an Answer to Second Amended Third Party Complaint and Counterclaim. (Dkt. No. 97.)

The Court noted that 2 Monkey and Lucky Shot did not re-allege their Third-Party Counterclaims in their Answer. It was not clear whether 2 Monkey and Lucky Shot had dropped the Third-Party Counterclaims against Caliber. Therefore, the Court directed them to either withdraw their motion to voluntarily dismiss its Third-Party Counterclaims as moot or explain with legal authority whether the Third-Party Counterclaims are still operative by January 15, 2020. In response, on January 15, 2020, 2 Monkey and Lucky Shot filed a motion for leave to file Amended Answer to Second Amended Third Party Complaint and Counterclaim to add the mistakenly omitted Third Party Counterclaims against Caliber. (Dkt. No. 100.) However, because 2 Monkey and Lucky Shot failed to obtain a motion hearing date from chambers which is in violation of the Local Civil Rules, the Court rejected the document on discrepancy on January 16, 2020. (Dkt. No. 101.) To date, 2 Monkey and Lucky Shot have not sought to re-file their motion.

Notwithstanding 2 Monkey and Lucky Shot's failure to comply with the Court's direction, a counterclaim need not be reasserted when answering the amended complaint. *See AnTerra Grp. Inc. v. KiVAR Chem. Techs*., Case No. SACV 13-734 JVS(ANx), 2014 WL 12589631, at *3 (C.D. Cal. May 23, 2014) (counterclaims were not abandoned by failing to reassert them in the answer to the amended complaint). "Any amendments to a complaint, and in turn an answer, do not require a counterclaim to be reasserted if there are no revisions to it." *Ada Cnty. Highway Dist. v. Rhythm Eng'g, LLC*, Case No. 15cv584-CWD, 2017 WL 1502791, at *7 (D. Idaho Apr. 25, 2017) (citing *AnTerra Grp. Inc*., 2014 WL 12589631, at *3); *Williams & Cochrane,*

7

*LLP v. Quechan Tribe of the Fort Yuma Indian Reservation,* Case No. 17cv1436-GPC(MDD), 2018 WL 3970094, at * (S.D. Cal. Aug. 20, 2018) ("A plaintiff's filing of an amended complaint does not moot a counterclaim alleged within an answer to the original complaint."). Because the Third Party Counterclaims are still operative, the Court considers 2 Monkey's motion to voluntary dismiss counterclaims challenging the validity of the trademarks. (Dkt. No. 79.) Caliber filed an opposition. (Dkt. No. 88.) 2 Monkey did not file a reply.

### Discussion

2 Monkey argues that it seeks to dismiss the Third Party Counterclaims against Caliber which include seeking cancellation of Caliber's registered bullet trade dress, U.S. Registration No. 4,630,557. Because it recently acquired a license to use the trade dress as part of the APA which requires that 2 Monkey not seek to cancel the trade dress registration, 2 Monkey seeks dismissal in order to prevent violation of the licensing agreement. 2 Monkey contends that Caliber will not be prejudiced or deprived of any legal claim through the dismissal.

Caliber opposes arguing it would be extremely prejudicial to allow 2 Monkey to dismiss its validity challenges yet continue to assert them through its alter ego Lucky Shot. Caliber explains that 2 Monkey and Lucky Shot are commonly owned by Doug and Lynne Ingalls and share the same address in Florida. (Dkt. No. Exs. 1, 2.) In their own pleadings, 2 Monkey and Lucky Shot admitted to the allegations that "Third Party Defendant Lucky Shot is a Florida limited liability company with its principal place of business in Orlando, Florida, and an alter ego of 2 Monkey." (Dkt. No. 41 at 8; Dkt. No. 42 at 2.) To avoid prejudice, Caliber asks that the Court either deny 2 Monkey's motion or grant it on the condition that the same claims are dropped for Lucky Shot. 2 Monkey did not respond to this suggestion in a reply.

Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request by court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

8

"This rule applies to dismissal of any counterclaim, crossclaim, or third-party claim." Fed. R. Civ. P. 41(c). The decision whether to grant or deny a request pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and is reviewed only for abuse of discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). Dismissal pursuant to Rule 41(a)(2) should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)). Legal prejudice means "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "Plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976 ("need to defend against state law claims in state court is not 'plain legal prejudice' arising from voluntary dismissal of the federal claims in the district court."). "Plain legal prejudice may be shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." *United States v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999). In other words, as along as the "defendant will not be prejudiced" or "unfairly affected by dismissal" a plaintiff may be permitted to dismiss an action. *Stevedoring Servs. of America v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989); *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986) ("Rather, the district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.").

Here, 2 Monkey seeks dismissal of the trademark validity counterclaims it filed against Caliber in order to avoid violating the terms of the Settlement Agreement as provided for in the APA. Yet, in the meantime, discovery is being conducted concerning the facts surrounding the execution of the APA and its impact on this

9

litigation and the facts are still unfolding.  Moreover, dispositive motions concerning claims related to the APA or its validity may also be filed.  Granting dismissal of 2 Monkey's claims at this time is premature.

Moreover, the Court has concerns that Lucky Shot, a company with the same ownership as 2 Monkey, may continue to proceed to challenge the validity of the trade dress.  While 2 Monkey seeks to avoid a violation of the purported license to the Bullet trade dress, it also seeks to challenge the trade dress indirectly through Lucky Shot.  This raises concerns of unfair prejudice to Caliber.  After considering the equities and possible unfair prejudice to Caliber, at this time, the Court DENIES 2 Monkey's motion to voluntarily dismiss its Third-Party Counterclaims against Caliber.

## Conclusion

Based on the above, the Court DENIES without prejudice 2 Monkey's motion for voluntary dismissal of Third-Party Counterclaims asserted against Caliber.  The hearing set for January 24, 2020 shall be **vacated.**

IT IS SO ORDERED.

Dated:  January 22, 2020

Hon. Gonzalo P. Curiel
United States District Judge

10